## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

AURORA T. KALIMA,                    )
                                     )
            Plaintiff,               )
                                     )
    v.                               )        Civil Action No. 24-408-GBW
                                     )
LT. LEWIS R. BUCKLE, JR.,            )
                                     )
            Defendant.               )

## <u>MEMORANDUM ORDER</u>

Plaintiff Aurora T. Kalima, who is currently housed at the Howard R. Young Correctional Institution (HRYCI) in Wilmington, Delaware, filed a complaint *pro se* and a motion to proceed *in forma pauperis*. (D.I. 1, 4.) The Court granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 6.) This case is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b). At this early stage of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether Plaintiff's filing, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

The complaint expresses concerns regarding food services and food waste at the Sussex Correctional Institution (SCI), where Plaintiff was formerly housed. (D.I. 1 at 2.)  Allegedly, the portions given to most SCI inmates were smaller, less nutritionally balanced, and more carbohydrate-heavy than the portions served to SCI staff.  (*Id.*)  Additionally, staff "started a new blatant and illegal policy to toss out food."  (*Id.* at 3.)  Despite this policy, inmates were fed food that was often "rotten, [i]nedible[,] or of no nut[r]itional value."  (*Id.* at 4.)  The complaint alleges, "people are starving," (*id.*) and that Plaintiff personally "ha[d] hunger pains all day and [was] perpetually hungry."  (*Id.* at 3.)  Additionally, the complaint alleges that a SCI staff member, identified as Officer Kenndred, tampered with Plaintiff's food by putting spit and hair in it, and by serving Plaintiff rotting food.  (*Id.* at 4.)

Based on the foregoing, Plaintiff seeks coverage of legal costs and expenses and injunctive relief.  (*Id.* at 5.)  Specifically, Plaintiff wants "to be served an adequate [and] healthy diet that is NOT primarily carbs, is not rotten, low in vitamins, processed, etc. endangering our welfare."  (*Id.* (emphasis in original).)  Additionally, Plaintiff wants "for no food, when possible, to be wasted at any meals."  (*Id.*)

The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Thus, the facts alleged in the complaint could suggest a violation of Plaintiff's constitutional

rights. Yet the only Defendant named in this case is Lt. Lewis R. Buckle, Jr., and the complaint neither explains Buckle's person involvement, nor alleges facts suggesting any constitutional violation by Buckle.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003) (internal quotation mark omitted). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000). In a § 1983 suit, "liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Since the complaint does not explain the personal involvement of the only Defendant named in this case, and personal involvement is required to establish liability in a § 1983 action, the complaint fails to state a claim and will be dismissed. Plaintiff will be given an opportunity to amend the complaint to cure this deficiency. Upon amendment, Plaintiff may also provide additional details, such as approximate dates and specific examples of being served food that was tampered with or rotten.

AND NOW, this 27th day of June, based on the foregoing, IT IS HEREBY ORDERED:

1.    The complaint (D.I. 1) is **DISMISSED without prejudice** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      Plaintiff is **GRANTED** leave to file an amended complaint no later than July 29, 2025, in accordance with this Memorandum Order.  **Failure by Plaintiff to file an amended complaint on or before July 29, 2025 may result in case closure.**


_____
The Honorable Gregory B. Williams
United States District Judge